to the next case on our calendar, which is Juzumas v. Nassau County. Good morning. Good morning slash afternoon. May it please the court. My name is Amy Bellantoni and I represent the appellant in this case, Victor Juzumas. This case involves a Nassau County policy that requires the surrender of long guns, rifles, and shotguns anytime a pistol license or handgun license is revoked, irrespective of the grounds for the revocation. As the court is well aware, handgun possession in this state is still viewed as a privilege, notwithstanding the decisions in Heller and McDonald. But by stark contrast, the possession of rifles and shotguns is not licensed and it is viewed still within the scope of the Second Amendment protections. By affirming the lower court's decision, what will essentially happen is that long gun possession will now de facto be subjected to the same standards as handgun licensing, which will essentially place all guns outside of the scope of the Second Amendment protections and subject to the whims and subjective views of a licensing officer. You were also attorney in Henry v. Nassau County? No, I'm not the attorney in the Henry matter, although I am aware, based on opposing counsel's filing, that there was a pending case. But we heard you in a different case just yesterday. Yes, Your Honor. That was the Torsavia matter versus Suffolk County. Yes, that's right. But different county, but also made claims with regard to the interpretation of the New York Penal Law 400.0011 and the seizure of long arms and so on. Do you see those cases as posing similar issues about the proper interpretation by counties of that section? Um, so the seizure of the long guns in the Torsavia matter, we were successful on the 14th Amendment due process claim for not having a post hearing, post deprivation hearing, and we did not pursue the Second Amendment claims in our appeal. So no, it's the Second Amendment is what you're focused on here. We are focused on the Second Amendment and the Fourth Amendment as well. Could you tell me what you see as Nassau, what that was Nassau County's policy? Is that is that clear from the record here with regard to long arms? Yes, ma'am. Yes, Your Honor. It is very clear from the record. In fact, their policy is set out in their bulletin, which is at A269 of the record, and specifically informs that any person whose handgun license is suspended or revoked for any reason. Now, the lower court attributed that language to to Mr. Jezumas, but that is actually in the policy itself for any reason is not only required to surrender their license and handguns, italicized, but also their rifles and shotguns to the licensing authority, squarely requiring that light that rifles and shotguns be subjected to the licensing authority. I thought it was unclear what the county's position was on when you are entitled to get those back. That you know, you whether it's the five year period before you can your pistol license potentially back, or whether you can apply to get your long arms arms back, because everyone recognizes that long arms are not licensed in New York. But the statute seems focused on situations where there's been an incident requiring that creates concern about having guns, whether that be mental health, or the creation or being charged with a felony, as Mr. Jezumas was. And then it's kind of indeterminate to me about when one has the right to regain your long arms. What would you say? What would you say the policy actually is? So Lieutenant Timpano, who was the county's chosen expert witness on their policies, specifically testified, and it's in the record, that one, once a revocation of a pistol license occurs, all guns are required to be surrendered, irrespective of the reason for the revocation, which would include moral character reasons and good cause to revoke a pistol license, which do not apply. But my question is, when can you get it back? Oh, or? Yes. Yeah. So that is long lasting. As long as your pistol license is revoked, you have no entitlement to your long arm. That's exactly what Lieutenant Timpano testified to. Under Nassau County's policy, one cannot even attempt to get their long guns back until they have applied for and have been issued a handgun license, which squarely puts long guns under the jurisdiction of the licensing authority. And that is not what the legislature intended. And in fact, the penal law section 400.00 subsection 11, the language that was added to that section applies only to three enumerated events, which also corresponds to, per se, longstanding recognized prohibitors to any gun possession, which are felony convictions and serious offenses, orders of protection issuing, or the individual being subjected to an order of protection. And they added subsection B, which is for a 9.46 report under the mental hygiene law, which means that someone has been reported by a mental health professional as being a danger to themselves or others. Subsection 11 applies to the seizure of all guns under those three enumerated events and conditions, convictions, orders of felonies or serious offenses, orders of protection being issued, and a 9.46 report being made to the Safe Act Office. Now, the section, subsection 11, specifically indicates in the language that it, at any time an individual becomes ineligible to obtain a pistol license under this section, and that language is critical. Under this section, and the Safe Act's bill jacket has been provided in the record, that terminology replies to subsection 11. The legislature did not intend that every time a pistol license was revoked or suspended for any reason at all, as the county policy holds or as the county policy is, that someone can no longer or is ineligible to have rifles and shotguns. It only intended, yes, your honor. No, go ahead and finish your time. It only of rifles and shotguns occurred under these three instances. If the legislature had intended to apply that policy to every single time a revocation or suspension of a handgun license occurred, then the language would have read, any time an individual becomes ineligible to obtain a license under subsection 1, because subsection 1 lays out numerous ineligibility factors, including moral character and good cause for the issuance of a handgun license. Yes, your honor. The problem with that is that 411C talks in terms of a subdivision, and I don't understand, I'm not certain I concur with your, the way you read sub 11, or 11. To be honest with you, I was quite startled to see how broad this forfeiture is, but tell me, if we read it your way, then it's only in the instance of those three circumstances where the pistol permits revoked, correct? The importance here is in reading subsection C, which discusses the surrender of rifles and shotguns. Right, but it says a subdivision. So, I mean, I don't understand why 1 wouldn't be a sub, or 11 wouldn't be a subdivision also of section 400. That's the normal way the legislature refers to the sections of the various parts of a given section. The section is 400.00, and then subdivision 1, subdivision 11, subdivision 11, subdivision sub C, etc. I mean, there's an inconsistency there, but what's striking to me is that this has not been litigated. The safe act is 2013, correct? Correct. And the statute, the constitutionality of the statute, but this specific provision and the meaning of it, the breadth of it, the argument that you're making has never been, I couldn't find a New York decision on it. Are you aware of any? I'm not. This would be a precedential case. Well, the other thing that strikes me is I don't understand why you're not making a Second Amendment argument and reading it the other way, reading it contrary to the way you are, such that anyone who has their pistol permit revoked for any reason, like moral character, why that doesn't have a serious Second Amendment implication with regard to long rifles and shotguns. Oh, well, yes, Judge. Well, it certainly does, and that's a problem with the entire statute, but considering I tried to keep this very, very narrow because of the longstanding history in this state. I'm not trying to encourage you. I just tried to figure out. So let's be clear. Your claim here is saying that Nassau County has gone farther than what the statute allows, and you're taking the view that 411 only allows the seizure of long rifles, in your view, only authorizes the county to have a policy where the seizure is predicated upon a felony, a border protection, or a mental hygiene referral, right? That's correct, Your Honor, because if my client did not have a pistol license, then he would not have been required to surrender his long guns. Right. I know. I know that. So that's the inconsistency here. That flies in the face of the argument of the county. And read together with the SAFE Act legislation and the bill jacket, the history and the intention behind the SAFE Act changes, that their reading and their policy is completely and entirely inconsistent with the state legislature's intention. I'm sorry, Your Honor. You have reserved three minutes for rebuttal. We'll hear from the county. Good morning. This is Robert Vandewey for the county. Can you hear me? Yes. Yeah. Hopefully you can see me too. My monitor couldn't make a hookup, so I'm using a cell phone and I'm trying to position myself properly. I'd like to say and follow up with Judge Wesley's comment, because I think that's the crux of the entire matter, 400, 411, and plaintiff's reading is that the only grounds for suspension, revocation, or pistol permit are the three enumerated therein, whereas the county has certainly held that it is anytime, anywhere, if a licensee becomes ineligible for a license. If the plaintiff is successful, you would, in my opinion, all of the licensing history, certainly in the state of New York, because it would be so restrictive as to basically do away with it. There has, as Judge Wesley said, I don't know of any circuit case. We just argued the Henry case a couple of years ago, and that had some parts of what we're talking about here. I think there's another one in the district court, Fusco and what have you, that may also be with Judge Hurley. What I have trouble understanding is why there hasn't been litigation in the state courts about the requirement of giving up long rifles on a suspension or terminate a revocation of a pistol permit. That's not predicated on the three disqualifying events that are mentioned at the beginning of sub 11, but just based on, to get a pistol permit, you have to have good moral character and you have to have good cause. For example, a fellow's a shop owner, and he says, I need the pistol permit because I go to the bank every night late, and I'm carrying a lot of money, and so therefore I need the pistol permit, and I have to go through a difficult area to make the night deposit, and I need the pistol permit to protect myself. The licensing agency extends and gives him the pistol permit. Then he retires, and the licensing agency finds out that he's retired and he no longer has good cause for the permit. They revoke his permit. He has to turn in his long rifles, his shotguns and his long rifles under the statute. That seems absurd to me. Is that your view of the statute? No, it isn't actually. Number one, I don't know why we haven't seen any state court litigation. That's number one. Number two, it is my understanding, and there was ambiguity regarding Nassau County's policy. Nassau County's policy, certainly since it was amended in 2019, is that the statute requires that if these incidents occur, that the long arms must be seized initially, but the licensee does have the right to possess long arms, provided he doesn't have some other impediment. That was brought out in this particular case, oral argument, I believe. I understand that you had said at one point that the county's policy is that even after his pistol license was revoked and he surrendered his long arms, he was free to go out and buy long arms. Is that correct? As long as he does not have another impediment. That was recited at oral argument in this case. With regard to what the county's policy is, with regard to the long arms, I was unclear whether you surrendered them when the pistol license is revoked on a temporary basis because there might be some danger issue, but then you could retrieve them potentially. It says nothing about when you're entitled to get them back or whether, as Mr. Duzumas does, you're supposed to give them away and just not have them in your possession, but then you can still go out and buy something. And this is why I'm confused about what the county's actual policy is with regard to long arms upon pistol revocation. It is my understanding that the county's policy is that if there's an incident involving suspension of revocation of pistol permit, and the county police seize a pistol, they also seize all long arms at that time initially. And that if there is no impediment for that person to acquire or possess long arms, he's entitled to get them back. And I believe officially that was changed in 2019. And that's the way the policy works right now. It sounds like you're reading the statute the way Ms. Bellatoni reads it then, resisting the reading that Judge Carney and I are kind of implying, which is curious to me. Let me see if I've got the timeline right here. This fellow gets arrested in September of 2008. Is that right? Correct. And his permit's suspended and his long rifles are taken from him for a short period of time. Is that right? Well, to be precise, I think the taking was done by the federal agents from the Drug Enforcement Authority. Okay. All right. But at some point in time, he gets his long rifles back. Correct? Yes. All right. He then pleads guilty to a misdemeanor four years later in 2012. Is that right? Yes, I believe so. And three years after that, in November of 2015, his license is revoked, premised on the plea in June of 2012. Is that right? Yes. And he's told to hand over or get rid of his long rifles, again, based on the provocation. Is that right? Yes. Does that make any sense to you that something that occurred seven years earlier, he ends up giving up his long rifles after your agency itself gave them back to him, no more than like six years before that? And no prohibition on acquiring new long rifles. No prohibition on getting more long rifles. That's correct. As long as he has no impediment to have a shotgun, he can do it. Yes. So you read section 400.0011 like Ms. Bellatoni, that the only thing that really causes you to have to give up your long rifles is if you're convicted of a felony. We know that you can't possess firearm if you're convicted of a felony. You've got an order of protection, or you've got a mental hygiene rule. Is that the way you read that a section? No, I think, or at least I'm missing it. The plaintiff is arguing, besides long arms, that the county is restricted as far as pistol permit revocation to those three items enumerated therein, and we say that is not a proper reading. All right. I'm not certain that's what she's saying, but okay. Thank you. Okay. Your Honor, that's what the county's argument, the position. We believe that Judge Donnelly's decision is proper. Thank you, counsel. Thank you. Ms. Bellatoni, you've reserved three minutes for rebuttal. Thank you. Yes, just to clarify, I'm not arguing that those are the only three instances in which a pistol license can be revoked. They can be revoked for any... No, I understand. Yes, just to be clear. Thank you. You're saying it's the only instance in which you can require them to turn over their long rifles. Correct. Yes. And so, just to further prove that our position is the correct reading of the statute, the fact that Mr. Gizumis could have gone out and purchased other long guns shows that the only... Look, if he was going to go out and try to purchase long guns and he had a felony conviction or conviction of a serious offense, if he had an order of protection that was in effect, or if he had a 9.46 report, he would have been denied the purchase through NIPS. Felonies and serious offense convictions, they're registered with DCJS, which communicates with NIPS all the prohibitors to purchasing a kind of gun. Orders of protection, they're registered with the DCJS by the courts to signal to NIPS that this individual is not eligible to purchase a firearm. 9.46 reports, they're registered in the Safe Act Office, which through the federal program also communicates with NIPS. So, anyone with those three prohibitors would not have been able to go out and purchase any kind of gun. And the fact that the county is boldly saying that whenever a revocation of a handgun permit occurs, they can just take every long gun and then work it out and investigate it, is a blatant and tyrannical position to take. Because they have no authority, A, over rifles and shotguns. They have authority for the time being over handguns as licensing officers. But B, they must have a legal basis to seize long guns. And among other things, like exigency, which is not at issue here, if an individual does not have a longstanding recognized prohibitor to gun possession, then there is no basis to deprive that person, such as Mr. Gizumis, of his property. Let me just ask a quick question. So, we heard about Suffolk County yesterday, Nassau County today, or I did at least. What about the rest of the counties in the state of New York? Do you know whether they have similar policies with regard to taking possession of long guns? I work in numerous counties, upstate and in the 9th Judicial District. I've not encountered anything like this at all, where a revocation occurs and the police are taking an individual's long guns. With the exception of, if there's an order of protection that's issued, if there's a report that is made, there's an automatic, under the statute, there's an automatic notification to the state police, they notify the licensing authority, and then that individual's, all of their guns are seized. And with regard to convictions, they are automatically now criminalized if they possess any type of guns. And I would say that Mr. Gizumis, for four years, was disarmed. His Second Amendment right and his Fourth Amendment rights were violated because it was criminalized in Nassau County under their policy to have possession of a long gun based on the fact that his pistol license had been revoked. And I would direct the court to the notice of revocation. There is no ambiguity here. This is what their policy was. At page A58, it specifically tells the revoked handgun licensee, and points to the Penal Law Section, which is our position, it does not require a prohibition, does not prohibit long gun possession. As directed by Penal Law Section 400 and the SAFE Act, I'm abbreviating, you are prohibited from possessing firearms, rifles, and shotguns. Sent to Mr. Gizumis with no prohibitor to gun possession. So thank you, Your Honors. Thank you both. We'll reserve decision.